IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01092-BNB

MEL BOMPREZZI,

    Plaintiff,

v.

JUDGE RICHARD CASCHETTE,
ADA JASON SIERS,
KATHLEEN McGUIRE, Public Defender, and
ARA OHANIAN, Public Defender,

    Defendants.

ORDER

    Plaintiff, Mel Bomprezzi, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Bomprezzi, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983.

    The Court has reviewed the Complaint filed in this action and finds that Mr. Bomprezzi is asserting habeas corpus claims pursuant to 28 U.S.C. § 2254 rather than § 1983 claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Bomprezzi complains that he is being subjected to slavery and denied his right to a speedy trial, to face his accuser, and to hybrid counsel, because he has been found

incompetent to represent himself, not guilty by reason of insanity, and dangerous. Mr. Bomprezzi also contends that a motion for a permanent incompetency ruling, filed by the public defender in his criminal proceeding, Case No. 08CR152, has been pending since July 2010. Mr. Bomprezzi seeks a ruling on the issues he has raised. The Court, therefore, will construe the action as more properly filed pursuant to § 2254.

Mr. Bomprezzi also seeks compensation from Defendants for the $350.00 filing fee. Because he is challenging the validity of his criminal proceedings he may not recover money for the claims that he asserts. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Accordingly, it is

ORDERED that Mr. Bomprezzi cure the deficiency designated above by filing his claims on a Court-approved form used in filing 28 U.S.C. § 2254 actions. It is

FURTHER ORDERED that the Clerk of the Court send to Mr. Bomprezzi two copies of the Court-approved 28 U.S.C. § 2254 form for use in filing a § 2254 action. It is

FURTHER ORDERED that if Mr. Bomprezzi fails to cure the designated deficiency within the time allowed the action will be dismissed without further notice. It is

FURTHER ORDERED that because the action has been construed as more properly filed pursuant to 28 U.S.C. § 2254 the Clerk of the Court is instructed to return $45.00 to Mr. Bomprezzi. The remaining $5.00 will be kept as payment in full for the filing fee that is required in filing a habeas action. It is

FURTHER ORDERED that the order granting leave to proceed pursuant to 28 U.S.C. § 1915, ECF No. 6 is vacated.

DATED October 9, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge