IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01092-BNB

MEL BOMPREZZI,

    Applicant,

v.

RICHARD CASCHETTE, Judge,
JASON SIERS, Public Defender,
KATHLEEN McGUIRE, Public Defender, and
ARA OHANIAN, Public Defender,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Mel Bomprezzi, acting *pro se*, initiated this action by filing a Prisoner Complaint, ECF No. 1. On October 9, 2012, Magistrate Judge Boyd N. Boland entered an order that construed the claims as arising under 28 U.S.C. § 2254 and instructed Applicant to file a pleading on a Court-approved form used in filing § 2254 actions. On October 17, 2012, Applicant complied. After review of the Application, Magistrate Judge Boland found the four named Respondents were not proper respondents and directed the Attorney General of the State of Colorado to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). The Attorney General filed a Pre-Answer Response on December 12, 2012. Applicant did not reply.

    The Court must construe the Application liberally because Applicant is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Applicant raises four claims: (1) his speedy trial rights have been violated due to the finding he was incompetent to proceed to trial in Case No. 08CR152; (2) the incompetency finding and delay in his trial has subjected him to slavery; (3) court appointed counsel is using the incompetency finding to keep him from representing himself; and (4) the judge, public defender, and assistant district attorney are agents of the state and are keeping him from facing his accuser.

The Attorney General argues that this case should be brought pursuant to 28 U.S.C. § 2241 and that this Court lacks jurisdiction because Applicant is challenging a pending state criminal action. The Attorney General asserts that Applicant was charged with stalking and violation of a restraining order. Pre-Answer Resp., ECF No. 30, at 2. Applicant first entered a plea of not guilty by reason of insanity. *Id.* After an evaluation at the Colorado Mental Health Institute, a three-day trial was set to begin on June 9, 2009. *Id.* On May 20, 2009, Applicant withdrew his plea, but on the first day of the trial he engaged in disruptive behavior. *Id.* Defense counsel requested a competency evaluation; the court granted the request; and Applicant was found incompetent to stand trial. *Id.* Applicant requested a second competency evaluation but subsequently asked that he be found permanently incompetent. *Id.* The trial court then appointed a second doctor to perform an evaluation, and a status hearing was scheduled for December 19, 2012. *Id.* at 3.

The Court agrees with the Attorney General. Applicant's challenges to his pretrial competency status must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Accordingly, the Court construes this action as properly filed pursuant to § 2241.

Although Applicant did not reply to the Attorney General's Pre-Answer Response, he did file a pleading titled "A Writ of Prohibition Question Versus a Writ of Habeas Corpus" prior to the Attorney General filing the Pre-Answer Response. In the pleading, Applicant asserts the same claims as he did in his habeas application but argues that the claims more properly are raised in a writ of prohibition action. *See* ECF No. 25. Within six days of filing the writ of prohibition pleading, Applicant filed a pleading titled "Hold All 12-cv-1092 Rulings in Abeyance." ECF No. 26. In this pleading, Applicant requested that the Court hold all rulings in abeyance until he sees how the judge will rule in his competency proceeding. *Id.* Finally, Applicant filed on November 6, 2012, a poem titled "The Bazaar." The poem is unrelated to the claims Applicant raises in this action.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims

> from the federal lawsuit. Third, the state proceeding must
> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met because Applicant's charges remain pending against him in his state court criminal case. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Applicant fails to demonstrate that the state criminal proceeding is not an adequate forum to hear his claims that his pre-trial detention violates his right to speedy trial, he is being held in slavery, and he is denied his right to self-representation. Accordingly, the state court proceeding offers Applicant a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues. *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979)).

With respect to the third condition, the State has an important interest in the administration of its Criminal Code, *see Penzoil*, 481 U.S. at 12-13, as well as the state competency procedures set forth in Colo. Rev. Stat. §§ 16-8.5-101-119.  Matters concerning the competency of criminal defendants are traditionally areas of state concern.  *See*, *e.g.*, *Pate v. Robinson,* 383 U.S. 375, 385 (1966) (discussing application of Illinois competency statutes in conjunction with holding that petitioner did not waive defense of incompetency to stand trial); *Drope v. Missouri*, 420 U.S. 162 (1975) (concluding that Missouri competency procedures were constitutionally adequate, but not properly applied).

To establish extraordinary or special circumstances, Applicant must be facing an irreparable injury that is both great and immediate.  *See Younger*, 401 U.S. at 46.  The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).  Applicant, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Applicant's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Applicant fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Applicant has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Applicant fails to state any facts to indicate that he will suffer great and immediate irreparable injury if this Court does not intervene in the ongoing state court criminal proceedings. His claims are conclusory and insufficient to meet the exception to *Younger* abstention. "[I]t is the [applicant's] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps*, 122 F.3d at 889 (internal quotation marks omitted).

The state incompetency procedures are designed to protect a criminal defendant's federal due process rights. *See Jones v. District Court*, 617 P.2d 803 (Colo. 1980) (citing Supreme Court due process precedent); *Bloom v. People*, 185 P.32d 797 (Colo. 2008). The state court register of action in Applicant's state criminal case, *see* Pre-Answer Resp., ECF 30-1, Ex. A, shows that the trial court is endeavoring to ensure that Applicant's criminal case does not proceed until he is restored to competency. *See Palmer v. Schneider*, 699 F.2d 322, 324-25 (6th Cir. 1983) (dismissing action under *Younger* where plaintiff was indicted by state court for murder but found incompetent to stand trial, and no irreparable injury occurred because there was no evidence that state officials had acted in bad faith and plaintiff had never been tried for murder). Pursuant to Colo. Rev. Stat. § 16–8.5-116(2), the trial court must

review the issue of Applicant's competency every three months, which appears to be happening in Applicant's state case. Furthermore, absent a showing of bad faith, the extraordinary circumstances are not demonstrated even if an applicant has been adjudicated incompetent incorrectly under state statutory procedures. *See Younger*, 401 U.S. at 46-47.

Finding no *Younger* abstention doctrine exceptions apply and Applicant has failed to demonstrate extraordinary circumstances, this Court will abstain from exercising jurisdiction over the Application.

Because the Court abstains from exercising jurisdiction over the Application, the Court will refrain from discussing exhaustion issues. Applicant is instructed that if he is convicted and his conviction and sentence are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

In summary, the instant action will be dismissed because Applicant is subject to a criminal proceeding and he fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is properly construed as filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  22nd  day of     February     , 2013.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court